IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAMMY L. SCHUCK and<br>CHRISTOPHER J. TIERNEY,<br><br>Defendants. | CASE NO. 8:12CR107<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 75) issued by Magistrate Judge Thomas D. Thalken denying the motions for a bill of particulars filed by Defendant Tammy L. Schuck (Filing No. 54) and by Defendant Christopher J. Tierney (Filing No. 60). Judge Thalken recommended that the motions to dismiss filed by Schuck (Filing No. 56) and Tierney (Filing No. 62) and to suppress filed by Schuck (Filing No. 58) and Tierney (Filing No. 64) be denied. Tierney has not filed a statement of objections to the Order or Findings and Recommendation. Schuck filed objections to Judge Thalken's Findings and Recommendations with respect to her motion for a bill of particulars, to dismiss, and to suppress, and a supporting brief (Filing Nos. 80, 81) as allowed by 28 U.S.C. § 636(b)(1) and NECrimR 59.2(a). The government responded (Filing No. 82) as allowed by NECrimR 59.2(a).

**FACTUAL BACKGROUND**

The Defendants are charged in Count 1 of the Indictment under 18 U.S.C. § 371 with conspiracy to (1) use a facility in interstate commerce to promote, manage, establish, carry on, and facilitate a prostitution business, in violation of 18 U.S.C. § 2422(a) after performing or attempting to perform an act to promote, manage, establish,

carry on, and facilitate the prostitution business, in violation of 18 U.S.C. § 1952(a)(3)(A); and persuade, induce, entice, and coerce an individual to travel in interstate commerce to engage in prostitution and sexual activity with which one may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(a).  Schuck is also charged in Counts 3, 4, 6 and 7 with violating 18 U.S.C. § 1952(a)(3)(A) as a member of the conspiracy charged in Count I.  Tierney is similarly charged in Counts 3, 5, 6 and 7.

Both Defendants moved for a bill of particulars, arguing that they lack specifics with respect to the charges despite the 25,000 pages of discovery and audio and video recordings provided by the government.

Schuck moved to dismiss Counts 3, 4, 6 and 7, arguing they are duplicative in that they charge the same crime alleged in Count 1.  Tierney moved to dismiss Counts 3, 5, 6 and 7 on the same grounds.

Both Defendants moved to suppress evidence seized in the search of the Advantage Day Spa, 622 South 72nd Street, Omaha, Nebraska, and the OT Spa, 624 South 72nd Street, Omaha, Nebraska.  They argue: the search warrant affidavit lacked probable cause; and the executing officers seized items beyond the scope of the search warrant.  The items they contend are beyond the scope of the warrant include *Playboy* magazines; a photographic montage of naked women; bikini bathing suits; condoms that were contained in a purse; and an identification card, a gas bill, and condoms that were contained in a wallet.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and a Findings and Recommendation.  Judge Thalken denied the Motions for a Bill of Particulars.  Regarding the motions to dismiss, Judge Thalken

2

recommends that they be denied. He reasoned that the counts challenged are each substantive crimes under the *Pinkerton*[1] theory of vicarious liability charged separate from the conspiracy charged in Count 1. With respect to the motions to suppress, Judge Thalken concluded: Tierney lacked standing; probable cause existed within the search warrant affidavit;[2] even assuming probable cause was lacking, the good faith exception applied; and the search warrant was appropriately executed. Judge Thalken therefore recommends that the motion to suppress be denied.

## I.   MOTIONS FOR A BILL OF PARTICULARS

In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the order only if it is shown to be clearly erroneous or contrary to law. *See also U.S. v. Johnson*, 225 F. Supp. 2d 982, 988 (N.D. Iowa 2002) ("The court will consider . . . whether the challenged portions of Judge Zoss's rulings on Johnson's motion for a bill of particulars . . . are either 'clearly erroneous' or 'contrary to law.'").

Judge Thalken denied Schuck's Motion for a Bill of Particulars, reasoning that the indictment in this case was detailed and specific and that the government adopted a virtual "open file" policy under which Schuck's counsel could review anything discovery contained in the government's file. *See U.S. v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (citations omitted) (citing *U.S. v. Stephenson*, 924 F.2d 753, 761-62 (8th Cir. 1991)) ("The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.") Schuck

---

[1] *See Pinkerton v. U.S.*, 328 U.S. 640, 647-48 (1946).

[2] The finding of probable cause was implicit: "the good faith exception applies in the event that . . . probable cause is lacking in this matter." (Tr. 51:22-24.)

objects to the denial of her motion, arguing that despite the massive amount of discovery in this case, without a bill of particulars, she will be left to guess the specifics as to the dates, places, individuals, and manner in which she allegedly persuaded, induced, enticed, or coerced someone into traveling in interstate commerce to engage in prostitution. She argues that it is nearly impossible to sift through the massive amounts of discovery provided to her in order to discern this information.

Having reviewed the indictment, and keeping in mind the discovery the government has made available to Schuck, the Court finds that the denial of the Motion for a Bill of Particulars was not clearly erroneous or contrary to law. *See U.S. v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) ("the primary purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial."); *U.S. v. Arenal*, 768 F.2d 263, 268 (8th Cir. 1985) ("The granting or denying of a bill of particulars lies within the broad discretion of the trial court."). Therefore, Judge Thalken's order denying the Motion for a Bill of Particulars will be upheld.

## II. MOTIONS TO DISMISS

Under 28 U.S.C. § 636(b)(1)(C), when a magistrate judge issues proposed findings and recommendation on a motion to dismiss, the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

"Multiplicity is the charging of a single offense in several counts." *U.S. v. Street*, 66 F.3d 969, 975 (8th Cir. 1995) (internal quotation marks omitted). Its "vice . . . is that it may lead to multiple sentences for the same offense." *Id.* "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *U.S. v. Johnson*, 352 F.3d 339, 343 (8th Cir. 2003) (quoting *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)).

Count I charges Schuck and Tierney with a conspiracy, while the Counts 3 through 7 charge Schuck and/or Tierney with substantive crimes under a *Pinkerton* theory of vicarious criminal liability. *Pinkerton* provides that "'each member of a conspiracy may be held criminally liable for any substantive crime committed by a co-conspirator in the course and furtherance of the conspiracy, even though those members did not participate in or agree to the specific criminal act.'" *U.S. v. Navarrete-Barron*, 192 F.3d 786, 792 (8th Cir. 1999) (quoting *U.S. v. Golter*, 880 F.2d 91, 93 (8th Cir. 1989)). In other words, a conspiracy does not duplicate the substantive crimes for which a defendant may be held liable under a *Pinkerton* theory of vicarious criminal liability. They are separate crimes for which a defendant may be held criminally liable. Therefore, the Court adopts Judge Thalken's findings and recommendation with respect to the Motions to Dismiss.

### III.    MOTIONS TO SUPPRESS

Schuck objects to Judge Thalken's "implicit finding that the warrant contained probable cause," and to the finding that the *Leon* good-faith exception applies. Finally,

she objects to the finding that all of the items seized were properly described in the search warrant.

Under 28 U.S.C. § 636(b)(1)(C), when a magistrate judge issues proposed findings and recommendation on a motion to suppress evidence in a criminal case, the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions. Having conducted a de novo review of the record, the Court adopts Judge Thalken's findings and recommendation with respect to the Motions to Suppress.

"'The Fourth Amendment commands that no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.'" *U.S. v. Houston*, 665 F.3d 991, 994 (8th Cir. 2012) (internal quotation marks omitted), *cert. denied,* 132 S. Ct. 2418 (U.S. 2012). Generally, a violation of the Fourth Amendment's command results in "'suppression of the evidentiary fruits of the transgression.'" *Id.* (quoting *U.S. v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011)). However, "this exclusionary rule does not apply 'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.'" *Id.* (quoting *U.S. v. Leon*, 468 U.S. 897, 920 (1984)). Instead, "'evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable.'" *Id.* at 995 (quoting *U.S. v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)). A court need not conduct a probable

6

cause analysis before "consider[ing] whether th[is] good-faith exception applies[.]" *Id.* at 994-95 (citing *U.S. v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007)).

The inquiry under the good-faith exception is an objective one: "'whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization.'" *Id.* at 995 (alteration in original) (quoting *Proell*, 485 F.3d at 430). Therefore, the good-faith exception will not apply "when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid." *Id.* (internal quotations omitted). The good-faith exception will also not apply:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant; [or] (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*"[.]

*Id.* (quoting *Proell*, at 431).

Furthermore, "[e]vidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time the described evidence is seized." *United States v. Kane*, 450 F.2d 77, 85 (5th Cir. 1971) (citations omitted) (citing *U.S. v. Bridges*, 419 F.2d 963 (8th Cir. 1969)).

Nothing in the record leads the Court to believe that a reasonably well-trained officer would have thought the search in this case was illegal despite the issuance of the search warrant, or that any the other circumstances that prohibit the application of the good-faith exception are present. Therefore, the Court finds that the good-faith exception applies in this case. Furthermore, the record reflects that the each of the items seized during the search were either described in the warrant or had a sufficient

7

nexus with the crime under investigation. Therefore, the Court will adopt Judge Thalken's findings and recommendation with respect to the Motions to Suppress.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 75) is adopted in its entirety;

2. Defendant Tammy L. Schuck's objections to the Findings and Recommendation (Filing No. 80) is overruled; and

3. The Motion to Dismiss Counts 3, 4, 6, and 7 (Filing No. 56) filed by Defendant Tammy L. Schuck is denied;

4. The Motion to Suppress (Filing No. 58) filed by Defendant Tammy L. Schuck is denied;

5. The Motion to Dismiss Counts 3, 5, 6, and 7 (Filing No. 62) filed by Defendant Christopher J. Tierney is denied; and

6. The Motion to Suppress (Filing No. 64) filed by Defendant Christopher J. Tierney is denied.

Dated this 26th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge